# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nicole Renee Smith,           :
           Petitioner    :
                       :
         v.        :   No. 1634 C.D. 2017
                       :   SUBMITTED:  March 16, 2018
Unemployment Compensation  :
Board of Review,         :
           Respondent  :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**           **FILED:  May 31, 2018**

Nicole Renee Smith (Claimant) petitions *pro se* for review of an order of the Unemployment Compensation Board of Review (Board) that affirmed the decision of a referee denying her unemployment compensation benefits and concluding that her actions constituted willful misconduct under Section 402(e) of the Unemployment Compensation Law (Law).[1]  We affirm.

The facts are as follows.[2]  XPO Logistics (Employer) employed Claimant as a full-time operations supervisor from March 2014 to March 2017, at a final annual pay rate of $52,000.  (Jun. 23, 2017, Decision of Referee, Finding of

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).

[2] The Board adopted and incorporated the referee's findings and conclusions.  (Oct. 10, 2017, Decision of Board at 1.)

Fact (F.F.) No. 1.) Claimant was aware of Employer's non-fraternization policy, which, in pertinent part, provided:

> [A]ll management is prohibited from dating or pursuing romantic or sexual relationships with employees whom they supervise, directly or indirectly. Employees who violate this policy will be subject to discipline, up to and including termination of employment.

(Jun. 20, 2017, Hearing, Employer's Ex. No. 17.)

Claimant had a relationship with an hourly employee and, based on an anonymous report, Employer conducted an investigation. (F.F. Nos. 5 and 6.) After an initial denial, she subsequently "acknowledged that she had previously had a sexual relationship with the employee." (*Id.*, Nos. 7 and 8.) The fact finder rejected her testimony that the relationship ended before she became the employee's supervisor. (Jun. 23, 2017, Decision of Referee at 2-3.) Employer discharged her "for violation of the policy and for failing to disclose the relationship when first questioned." (F.F. No. 9.) Subsequently, the Duquesne UC Service Center issued a determination granting benefits. After a hearing at which both Claimant and Employer appeared and presented testimony and evidence, the referee reversed. Claimant appealed to the Board, which affirmed. In addition, it made an additional finding crediting "the employer's testimony that the claimant was dishonest about her relationship in the [initial] meeting, and that [she] later stated to the employer that she did have a relationship with a subordinate employee in violation of employer's policy."[3] (Oct. 10, 2017, Decision of Board at 1.) Her petition for review to this Court followed.

---

[3] This Court may not disturb the Board's credibility findings or reweigh the evidence. *Oliver v. Unemployment Comp. Bd. of Review*, 5 A.3d 432, 438 (Pa. Cmwlth. 2010) (holding that "the Board is the ultimate factfinding body empowered to resolve conflicts in evidence, to determine the credibility of witnesses, and to determine the weight to be accorded evidence.").

Section 402(e) provides, in pertinent part, that an employee shall be ineligible for compensation for any week "[i]n which [her] unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with [her] work . . . ." The term "willful misconduct" has been defined to include: (1) the deliberate violation of work rules; and (2) the disregard of standards of behavior which an employer can rightfully expect of its employee. *Glatfelter Barber Shop v. Unemployment Comp. Bd. of Review*, 957 A.2d 786, 792 (Pa. Cmwlth. 2008). The employer bears the initial burden of proving that the claimant engaged in willful misconduct. *Yost v. Unemployment Comp. Bd. of Review*, 42 A.3d 1158, 1162 (Pa. Cmwlth. 2012). If the willful misconduct charge is based upon a violation of a work rule, the employer must prove the existence of the rule and its deliberate violation. *Id.* Once the employer establishes a *prima facie* case of willful misconduct, the burden then shifts to the claimant to demonstrate good cause for her conduct. *Id.* The claimant has good cause if her action "is justifiable or reasonable under the circumstances." *Frumento v. Unemployment Comp. Bd. of Review*, 351 A.2d 631, 634 (Pa. 1976).

On appeal, Claimant maintains that the Board erred in determining that she violated the policy and that Employer offered no concrete evidence that she engaged in a relationship with an hourly employee. The record, however, belies Claimant's assertions.

> [Referee:] You were in a romantic relationship or sexual relationship with him?
>
> [Claimant:] I can't say that one night it didn't happen.
>
> . . . .
>
> [Referee:] While you were employed?

3

[Claimant:] Yes. Because he was like my best friend. Yeah. So that – fine.

(Jun. 20, 2017, Hearing, Notes of Testimony at 15.)

In addition, Claimant further acknowledged that the relationship occurred while she was a management employee. In that regard, she testified:

[Referee:] Okay. Were you in Management at the time?

[Claimant:] Yes.

[Referee:] And he was an hourly employee at the time?

[Claimant:] Yeah. He was on inbound, I was on outbound.

(*Id*. at 18.)

As the Board asserts, a party's words constitute an admission and may be used against him or her. *Evans v. Unemployment Comp. Bd. of Review*, 484 A.2d 822, 826-27 (Pa. Cmwlth. 1984). Here, Claimant admitted to a relationship with an hourly employee while employed as management. In addition, the fact finder rejected her testimony that the relationship ended before she became the employee's supervisor. Those factors are the essential components of Employer's policy.

Moreover, to the extent that Claimant asserted that many employees broke Employer's policy with impunity, she submitted no competent evidence in support and, therefore, failed to establish disparate treatment. *See Walker v. Unemployment Comp. Bd. of Review*, 367 A.2d 366, 370 (Pa. Cmwlth. 1976) (holding that hearsay evidence, admitted without objection, may only support a finding if it is corroborated by any competent evidence of record). Further, to the extent that she challenges the relationship policy as unreasonable, we similarly cannot consider her assertions in her brief that delving into her personal life constitutes a violation of privacy and that her life outside of work should not be an

4

issue if it does not affect her performance, dedication, and work ethic. By failing to proffer such evidence at the hearing, she waived her opportunity to do so. *See Yost*, 42 A.3d at 1165 (contentions not raised before the referee or Board are waived). Moreover, even if this issue had not been waived, it is devoid of merit. Non-fraternization policies, particularly those which apply to supervisors and employees who are supervised, are not only common but designed to promote a professional and non-predatory workplace environment, and are well within the valid prerogatives of employers. In addition, dishonesty when asked about the behavior is below the standard of conduct that an employer can rightfully expect.

Accordingly, mindful that Employer discharged Claimant for violation of the policy and dishonesty, we agree that her actions constituted willful misconduct.[4] For the above reasons, therefore, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

---

[4] Whether a claimant's actions constitute willful misconduct is a question of law over which we exercise plenary review. *Yost*, 42 A.3d at 1162.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nicole Renee Smith,                                  :
                              Petitioner             :
                                                     :
            v.                                       :    No. 1634 C.D. 2017
                                                     :
Unemployment Compensation                            :
Board of Review,                                     :
                              Respondent             :

# **O R D E R**

AND NOW, this 31st day of May, 2018, the order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge